T.C. Memo. 1997-213

UNITED STATES TAX COURT

TOMMY JEAN HAYES, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 4534-96.                                    Filed May 7, 1997.

Tommy Jean Hayes, pro se.

Eric D. Stenson, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

LARO, Judge: Tommy Jean Hayes petitioned the Court to redetermine respondent's determination of a $50,200 deficiency in her 1992 Federal income tax and a $2,448 addition thereto under section 6651(a)(1). Following concessions, the only remaining issue is whether section 104(a)(2) allows petitioner to exclude

from her gross income $220,723 of settlement proceeds received from State Farm Insurance Co. (State Farm). We hold it does not. Section references are to the Internal Revenue Code in effect for the year in issue. Rule references are to the Tax Court Rules of Practice and Procedure. Dollar amounts are rounded to the nearest dollar.

## FINDINGS OF FACT

Most of the facts have been stipulated and are so found. The stipulated facts and the exhibits submitted therewith are incorporated herein by this reference. Petitioner resided in San Diego, California, when she petitioned the Court.

Petitioner was a claimant in the class action lawsuit (the Lawsuit) entitled Kraszewski v. State Farm Gen. Ins. Co. The Lawsuit was filed against State Farm in the U.S. District Court for the Northern District of California on June 1, 1979, on behalf of a class of women who alleged that State Farm had engaged in sex discrimination during the recruitment, hiring, and training of women for insurance sales agent positions within California, in violation of title VII of the Civil Rights Act of 1964, Pub. L. 88-352, 78 Stat. 241, 253.

On April 29, 1985, the District Court ruled that State Farm was liable for gender discrimination. See Kraszewski v. State Farm Gen. Ins. Co., 38 Fair Emp. Prac. (BNA) Cas. 197 (N.D. Cal. 1985). The District Court found that women who attempted to become State Farm trainee agents were "lied to, misinformed, and

discouraged in their efforts to obtain the entry level sales position."  One year later, the District Court ordered hearings to determine individual liability and damages.

The District Court referred the Lawsuit to Judge Eugene Lynch as mediator.  After September 24, 1991, under Judge Lynch, State Farm and class action counsel started negotiations to attempt to settle the claims of individual litigants.  As a result of the negotiations, a Master Settlement Agreement was reached on January 17, 1992.  The agreement provided a formula for the computation of damages that State Farm would offer to each claimant, who was free to accept or reject the offer.

On or around January 17, 1992, the District Court provided petitioner with a document entitled "Communication of State Farm's Settlement Offer", accompanied by a "Summary of Terms of State Farm's Settlement Offer", which had been reviewed and approved by Judge Lynch.  State Farm offered petitioner $204,523 to release her claims against State Farm.  The offer was conditioned upon acceptance of State Farm's offers by at least 87.5 percent of the 821 final claimants represented by class action counsel to whom offers of that type had been extended. The $204,523 represented 37 percent of the full Consent Decree value of petitioner's claim.

The offer also provided that petitioner would share in any "incentive cash" payable.  This was an additional amount computed under a formula based upon the number of percentage points by

which the acceptance of State Farm's offers exceeded 90 percent. The maximum incentive payment was $18,000.

Petitioner accepted State Farm's offer, and State Farm issued a $220,723 check during 1992, payable to petitioner and class action counsel. The check represented the $204,523 settlement of her claim and a $16,200 incentive payment. Of the total payment of $220,723, $44,133 was retained by class action counsel as legal fees, $59 was applied to costs relating to the settlement distribution, and $5,000 was withheld as a contribution by petitioner to an appreciation fund. Petitioner received the balance.

Petitioner did not report any of the $204,523 settlement amount or any of the $16,200 incentive payment on her 1992 Federal income tax return. On January 2, 1996, respondent issued petitioner a notice of deficiency for 1992. The notice stated that the settlement amount and incentive payment aggregating $220,723 were includable in petitioner's gross income for 1992, and that petitioner was allowed to deduct 20 percent of this amount ($44,145) for related legal fees.

OPINION

The instant case requires the Court to revisit the taxability of the proceeds received by a claimant who was a member of the class of plaintiffs in Kraszewski v. State Farm Gen. Ins. Co. In each of our prior cases, we held that none of the proceeds were excludable from the petitioning taxpayer's

gross income.  See <u>Hardin v. Commissioner</u>, T.C. Memo. 1997-202; <u>Raney v. Commissioner</u>, T.C. Memo. 1997-200; <u>Clark v. Commissioner</u>, T.C. Memo. 1997-156; <u>Berst v. Commissioner</u>, T.C. Memo. 1997-137; <u>Martinez v. Commissioner</u>, T.C. Memo. 1997-126; <u>Fredrickson v. Commissioner</u>, T.C. Memo. 1997-125.  We hold similarly today.  Petitioner has presented no new arguments which would change our view on the instant issue, and we continue to adhere to our view as espoused in those Memorandum Opinions for the reasons stated therein.

Petitioner's primary argument is that she received her proceeds under a cause of action arising from the Civil Rights Act of 1991 (the CRA of 1991), Pub. L. 102-166, sec. 102, 105 Stat. 1071, 1072-1073, and that the CRA of 1991 provides tort type damages that compensate for personal injury.  Petitioner argues that the CRA of 1991 governs her case because Judge Lynch signed State Farm's offer to the class after the CRA of 1991 was signed into law.  We considered petitioner's primary argument in <u>Clark v. Commissioner</u>, <u>supra</u>, and we rejected it there.  We do likewise today.

We hold for respondent.  In so doing, we have considered all arguments made by petitioner for a contrary holding, and, to the extent not discussed above, find them to be irrelevant or without merit.  To reflect concessions by respondent,

<u>Decision will be entered</u>

<u>under Rule 155</u>.
